UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD DURNEY,

    Plaintiff(s),

vs.

MAGNA INTERNATIONAL, INC., et al.,

    Defendant(s).

No. 11-00361 MHP

**ORDER DENYING APPLICATION FOR RECUSAL**

    Plaintiff filed this action which this court then related to a prior action between the parties before this judge, *A Truly Electric Car Company v. Magna International, Inc., et al.*, C 09-1364 MHP.[1] Plaintiff now files an affidavit pursuant to 28 U.S.C. section 144 seeking recusal of this judge under Civil Local Rule 3-15. Rule 3-15 provides that where such an affidavit is filed and the judge determines not to recuse herself and the affidavit is "neither legally insufficient nor interposed for delay" the judge shall refer the request to the Clerk of Court for random assignment to another judge.

    This court finds that recusal is not proper and, although it does not find that delay is the purpose of the filing, the court finds that the affidavit is legally insufficient. This Circuit, relying on Supreme Court precedent and its own line of cases, has clearly held that the basis for bias or prejudice for the purposes of section 144 must be extrajudicial or stem from an extrajudicial source. *Shore v. County of Mohave, State of Arizona*, 644 F.2d 1320, 1322 (9th Cir. 1981). The seminal

opinion upon which the Ninth Circuit cases are based is *United States v. Azhocar*, 581 F.2d 735 (9th Cir. 1978), *cert. denied,* 440 U.S. 907 (1979), which held that "[a]dverse rulings do not constitute the requisite bias or prejudice of [section] 144". *Id*. at 739.

The affidavit of plaintiff Durney, who is also a lawyer, cites only comments of the court with respect to plaintiff's conduct and performance in the prior case. There is nothing asserted in the affidavit that stems from an extrajudicial source. Indeed, although this court chastised attorney/plaintiff, it denied defendant's motion for sanctions under 28 U.S.C. § 1927 and the "inherent authority" of the court, noting that plaintiff "listened to the court's reservations and acted accordingly." *See* Dkt. No. 66, at 5. The Memorandum and Order denying sanctions describes the deficiencies in plaintiff's papers and his case. *Id*. His affidavit in support of recusal addresses only those criticisms, the criticisms expressed by the court at the hearings in the prior action, and this court's determination that the instant action is related to the earlier action. Obviously, none of these are extrajudicial.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's request for recusal is DENIED.

Date: April 1, 2011

MARILYN HALL PATEL
United States District Court
Northern District of California

2

**ENDNOTES**

1. Plaintiff Durney is the sole member and counsel of the plaintiff company in the prior action. *See* Dkt. No. 15, Anderson Dec., filed in C 11-00361.