UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DURNEY<br><br>  Plaintiff,<br><br>  v.<br><br>MAGNA INTERNATIONAL, INC., et al.,<br><br>  Defendants.<br>_____/ | No. C-11-00361 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Defendants' Motion to Dismiss or Stay** |

    Plaintiff Edward Durney ("Durney") brought this action against defendants Magna International, Inc. ("Magna"), Magna Electronics, Inc. ("Magna Electronics"), Gary Cohn ("Cohn") and Jason Wolkove ("Wolkove") (collectively "defendants"), alleging copyright infringement and unjust enrichment. Now before the court is the defendants' motion to dismiss and, in the alternative, motion to dismiss or stay in light of pending litigation between the parties. Having considered the arguments of the parties and for the reasons stated below, the court enters the following memorandum and order.

BACKGROUND

    Plaintiff Durney is the sole officer, director, employee and counsel for A Truly Electric Car Company ("ATECC"). Docket No. 10 (Motion to Dismiss) at 2. In August and September of 2008, Durney negotiated for ATECC to purchase BluWav Systems, LLC ("BluWav") from Paperboy Ventures, LLC ("Paperboy"). Docket No. 1 (Complaint) at 2. During the course of this work for

ATECC, Durney drafted, negotiated, and revised an "Interest Purchase Agreement" to be used for ATECC's purchase of BluWav. *Id*. at 3. On June 16, 2010, Durney registered a work titled "Internet Purchase Agreement" with the United States Copyright Office. *Id*. However, in October 2008, Magna and Magna Electronics acquired BluWav. *Id*. at 3.

In March 2009, ATECC filed a lawsuit against Magna, BluWav, and Paperboy in the United States District Court for the Northern District of California, alleging various claims arising from the acquisition of BluWav.[1] Motion to Dismiss at 3. ATECC voluntarily dismissed the lawsuit on December 9, 2009. Docket No. 48 (Response to Motion to Dismiss) at 2.

ATECC then filed another case against Magna, Magna Electronics, and BluWav in San Mateo Superior Court.[2] Motion to Dismiss at 4. Magna, Magna Electronics, and BluWav filed a Motion to Quash Service of Summons for Lack of Personal Jurisdiction, which the court granted. *Id*. at 5. ATECC appealed, and on April 6, 2011, the California Court of Appeal affirmed. Docket No. 50 (Anderson Dec. in Support of Reply to Response to Motion to Dismiss).

On October 1, 2009, BluWav filed a lawsuit against Durney in the United States District Court for the Eastern District of Michigan for breach of a settlement agreement arising out of prior litigation with BluWav's predecessor-in-interest. Motion to Dismiss at 5-6. On June 10, 2010, Durney filed a third-party complaint against Magna in the Michigan action arising out of the acquisition of BluWav, but subsequently voluntarily dismissed the action on September 20, 2010.[3] *Id*. at 6.

On December 17, 2009, Magna Electronics and BluWav filed a declatory relief action in Michigan state court. Motion to Dismiss at 6-7. The Michigan state court had agreed to administratively stay the Michigan state action while the California state court appeal was being resolved. Docket No. 15 (Anderson Dec.) ¶ 21, Exh. S (Order Granting Administrative Stay).

On January 25, 2011, Durney filed the instant action against defendants, alleging Copyright Infringement and Unjust Enrichment arising out of the document, "Interest Purchase Agreement", that Durney drafted in his efforts to purchase BluWav. Complaint at 3-5. Defendants now move to

dismiss the action based on Federal Rule of Civil Procedure Rule 41(a), res judicata and for lack of personal jurisdiction.

LEGAL STANDARD

I.   Federal Rule of Civil Procedure Rule 41(a)

Federal Rule of Civil Procedure Rule 41(a)(1)(A) permits a plaintiff to voluntarily dismiss an action by filing either "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment," or by filing "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). Subsection 41(a)(1)(B) provides that, "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B); *Commercial Space Management Co., Inc. v. Beoing Co., Inc.*, 193 F.3d 1074, 1076 (9th Cir. 1999). Rule 41(a)(1)(B) adjudication is ripe upon the filing of the third action. *Id.* at 1080.

II.  Res Judicata

The doctrine of res judicata or claim preclusion prohibits litigation in a subsequent action of any claims that were raised or could have been raised in a prior action. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (citations omitted). Under Ninth Circuit law, an adjudication in a prior action serves as a bar to litigation of a claim if the prior adjudication (1) involved the same claim as the later suit; (2) reached a final judgment on the merits, and (3) involved the same parties or their privies. *Id.*; *see also Blonder-Tongue Labs. v. University of Ill. Found.*, 402 U.S. 313, 323-24, 91 S. Ct. 1434, 28 L. Ed. 2d 788 (1971). It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather the relevant inquiry is whether they could have been brought. *C.D. Anderson & Co. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987). A defense of res judicata is appropriately addressed at the motion to dismiss stage of litigation, and in so doing, the court can take judicial

notice of the earlier proceedings that give rise to the defense. *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).

DISCUSSION

Defendants first argue that plaintiff's action should be dismissed pursuant to Federal Rule of Civil Procedure Rule 41(a)(1)(B) which states a "two dismissal rule," in which "a voluntary dismissal of a second action operates as a dismissal on the merits if the plaintiff has previously dismissed an action involving the same claims." *Commercial Space Management*, 193 F.3d at 1076. "Rule 41(a)(1) was intended to eliminate the annoying of a defendant by being summoned into court in successive actions and then, if no settlement is arrived at, requiring him to permit the action to be dismissed and another one commenced at leisure." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397 (1990) (internal quotation marks and citation omitted). Although neither the Supreme Court nor the Ninth Circuit has specifically addressed the meaning of "same claims" for the purposes of Rule 41(a)(1)(B), the Ninth Circuit has analogized the Rule 41(a)(1)(B) two dismissal rule to the res judicata inquiry. *See Commercial Space Management*, 193 F.3d at 1080; *see also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724 (9th Cir. 1991). Accordingly, in determining whether Rule 41(a)(1)(B) bars plaintiff's action here, the court considers whether plaintiffs claims are the same under the res judicata analysis.

I.   Res Judicata

    A.   Identity of Claims

In determining whether two claims are identical, the Ninth Circuit employs four criteria: (1) whether the rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right, and (4) whether the two suits arise out of the same "transaction." *Nordhorn v. Ladish Co.*, 9 F.3d 1402, 1405 (9th Cir. 1993);

4

*Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982), cert. denied, 459 U.S. 1087 (1982) (quoting *Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980)). The most important factor in determining whether there is identity of claims between two suits is "whether [they] arise out of the same transactional nucleus of facts." *Owens*, 244 F.3d at 714.

In the instant action, plaintiff's claims arise out of the same factual background and transactional nucleus as ATECC's 2009 case in United States District Court for the Northern District of California and in Durney's third-party complaint in United States District Court for the Eastern District of Michigan. The claims stem from Magna's acquisition of BluWav in October 2008 and relate to alleged violations of Durney and/or ATECC's intellectual property rights by Magna or related defendants, based on work that Durney had been doing in anticipation of purchasing BluWav on behalf of ATECC.

In the 2009 action in United State District Court for the Northern District of California, ATECC's proposed Third Amended Complaint similarly alleged claims arising out of Magna's acquisition of BluWav in October 2008, specifically: (1) Misuse of Confidential Information, (2) Tortious Interference with Contractual Relations, (3) Inducement to Breach, (4) Unjust Enrichment, (5) Predatory Restraint of Competition, and (6) Abuse of Process and Malicious Prosecution. Anderson Dec. ¶ 5, Exh. D (Proposed Third Amended Complaint). In the action in United States District Court for the Eastern District of Michigan, Durney's third-party complaint similarly alleged claims arising out of Magna's acquisition of BluWav in October 2008, specifically: (1) Malicious Prosecution, (2) Abuse of Process, (3) Unjust Enrichment, and (4) Copyright Infringement. Anderson Dec. ¶ 14, Exh. L (Durney's Third-Party Complaint). In the instant action before this court, plaintiff Durney yet again alleges claims arising out of Magna's acquisition of BluWav in October 2008, specifically: (1) Copyright Infringement and (2) Unjust Enrichment.[4] Complaint at 3-5. Therefore, there is an identity of claims because the instant action arises out of the same transactional nucleus of facts, namely Magna and Magna Electronics' acquisition of BluWav, as the two prior federal cases, and plaintiff's claims are identical or could have been brought in his previous action in this court and in his action in the district court in Michigan. Additionally, the

5

1  dismissed actions and the action here involve infringement of the same rights, and given that the
2  claims arise out of the same transaction/occurrence, the evidence presented here would certainly be
3  substantially the same as that which plaintiff would have previously presented had he not voluntarily
4  dismissed the prior actions.

Accordingly, having concluded that the claims here are the same for the purposes of res judicata, the court considers whether plaintiff's two prior dismissals operate as a final judgment on the merits of his action.

B.   Final Judgment on the Merits

Federal Rule of Civil Procedure 41(a)(1)(A)(i) states that a "plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." These voluntary dismissals are normally without prejudice, except that Federal Rule of Civil Procedure 41(a)(1)(B) states that "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."

Prior to the instant action, Durney/ATECC, under Federal Rule of Civil Procedure 41(a)(1)(A), had voluntarily dismissed both the complaint in the Northern District of California and the third-party complaint in the Eastern District of Michigan. The claims in those two complaints, as in the complaint in this instant action and as set forth above, arose from the same set of operative facts and background. As a result, the voluntary dismissal of plaintiff's third-party complaint in the Eastern District of Michigan related to the same claims as the claims already voluntarily dismissed in the 2009 Northern District of California case. Accordingly, the voluntary dismissal in the Michigan federal case operated as a final adjudication on the merits.

C.   Identity or Privity Between the Parties

Additionally, there is identity or privity between the plaintiff in this action and the plaintiffs in the prior federal cases. Although ATECC was the nominal plaintiff in the prior Northern District of California federal action and Durney was the nominal plaintiff in the Eastern District of Michigan federal action, ATECC and Durney are in privity for purposes of res judicata. "Privity - for the

6

purposes of applying the doctrine of res judicata - is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997).

ATECC and Durney are the same parties and represent the same rights and interests. As Durney himself stated in a prior declaration: "[ATECC] is a Silicon Valley startup. ATECC has a director (me), an officer (me), no employees, and an attorney (me). I live in Millbrae, California. ATECC's office is in my home. ATECC has no operations, no revenues, and no travel budget." Anderson Dec. ¶ C, Exh. C (Durney Declaration). Furthermore, since Durney is the sole employee and principal of ATECC, Durney controls all litigation initiated that relates to ATECC. Therefore, Durney and ATECC are the same plaintiff for purposes of res judicata.

The defendants in the instant action are also in privity with the defendants in the prior federal cases. Magna was a named defendant in both the prior Northern District of California case and in plaintiff's third-party complaint in the Eastern District of Michigan. With respect to the other defendants in this action, the relationship between the parties is sufficiently intertwined for purposes of res judicata. Magna Electronics is a wholly-owned subsidiary of Magna. Motion to Dismiss at 15. Cohn and Wolkove were employees of Magna who were involved in business activities and mergers and acquisitions for Magna. Docket No. 13 (Cohn Dec.); Docket No. 14 (Wolkove Dec.). In this action, Durney has not alleged any facts to support the conclusion that Cohn and Wolkove were acting in any matter other than in the normal course of their employment with Magna. Nor has Durney alleged any facts supporting a finding that Cohn and Wolkove are not the same parties as Magna for purposes of res judicata. For all relevant purposes in this action, defendants represent the same rights and interests, since all claims in this action and in prior suits relate to Magna's acquisition of BluWav. There is no reason that the claims brought against the defendants in the prior actions should not and could not have been brought against all the additional defendants in this action as well. Therefore, the preclusive effect of prior adjudication on the merits applies to all the defendants in this action, and the court concludes plaintiff's action here runs afoul of Rule

41(a)(1)(B). Given this conclusion, the court need not reach the issue of personal jurisdiction and defendants' motion to dismiss is GRANTED with prejudice.

CONCLUSION

For the foregoing reasons, Magna's motion to dismiss is GRANTED with prejudice.

IT IS SO ORDERED.

Dated: May 3, 2011

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

## ENDNOTES

1. In the 2009 action in the Northern District of California, ATECC's proposed Third Amended Complaint alleged (1) Misuse of Confidential Information, (2) Tortious Interference with Contract Relations, (3) Inducement to Breach, (4) Unjust Enrichment, (5) Predatory Restraint of Competition, and (6) Abuse of Process and Malicious Prosecution. *See* Anderson Dec. ¶ 5, Exh. D (Proposed Third Amended Complaint).

2. In the San Mateo Superior Court action, ATECC alleged (1) Misuse of Confidential Information, (2) Tortious Interference with Contractual Relations, (3) Inducement to Breach, (4) Unjust Enrichment, (5) Predatory Restraint of Competition, and (6) Malicious Prosecution. *See* Anderson Dec. ¶ 11, Exh. I (Complaint of a Truly Electric Car Company) (AA 1-16).

3. In the Eastern District of Michigan action against Magna, ATECC alleged (1) Malicious Prosecution, (2) Abuse of Process, (3) Copyright Infringement, and (4) Unjust Enrichment, arising out of certain transaction and due diligence documents related to Magna's purchase of BluWav. *See* Anderson Dec. ¶ 14, Exh. L (Durney's Third-Party Complaint).

4. The copyright claim was previously alleged in the Michigan federal case, and could and should have been raised in the previous California federal case. The allegation of unjust enrichment was previously raised in both prior federal cases. In addition, the claims here stem from Durney's copyrighted work, "Interest Purchase Agreement", that defendants allegedly obtained and copied and modified for their own use during the course of defendants' acquisition of BluWav. *Id.* at 3.